OPINION OF THE COURT
NYGAARD, Circuit Judge.
I.
Earl Dixon pleaded guilty to a charge of conspiracy to possess and distribute cocaine and cocaine base in an amount in excess of 5.0 kilograms. He was sentenced to 144 months imprisonment with 7 years of supervised release. His counsel, who filed a timely notice of appeal, also filed a motion to withdraw as counsel and a brief in support pursuant to Anders v. California, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We will affirm the judgment of conviction and sentence, and we will grant counsel’s motion to withdraw.
II.
Dixon belonged to a group known for a narcotics distribution operation in Camden. The conspiracy originated around 1989, but Dixon’s involvement lasted “but for approximately the last 4 months of the conspiracy.”
The issue of whether the District Court complied with the mandates of Rules 11 and 32 of the Federal Rules of Criminal Procedure in conducting the plea and sentencing hearings is a question of law. The standard of review is plenary. United States v. Cherry, 10 F.3d 1003, 1013-14 (3d Cir.1993).
The District Court ensured that the parties had the opportunity to review and discuss all of the sentencing submissions, including the Pre-Sentence Investigation Report. The District Court also determined that Dixon was fit to proceed and that Dixon was satisfied with his attorney’s representation.
Pursuant to a plea agreement, the base offense level agreed upon was a level 35, with neither party having the right to appeal. Dixon acknowledged to the District Court that he understood the terms of the agreement; that he comprehended the impact of the plea agreement on his appellate rights; that he understood the possible penalties; and he knew that there was no parole in the federal system. The District Court reviewed the elements of the offense and asked Dixon about his actions as they related to this offense. Dixon agreed to plead guilty.
The Court then made a finding that “the defendant was competent and capable of entering an informed plea; that he was aware of the nature of the charges and the consequences of the plea; and the plea of guilty was a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.” We find that the District Court’s inquiry supported this finding and that it complied with Rule 11 and Rule 32.
Under the statute, the conviction required imposition of a mandatory minimum of 10 years to a maximum of life, with the Guideline range between 292-365 months and supervised release of at least five years. Accepting the government’s departure request and Dixon’s impassioned plea, the District Court departed 148 months from the bottom of the advisory guideline range, and imposed a sentence of 144 months imprisonment with 7 years of supervised release. After imposing the sentence, the District Court advised Dixon of his right to appeal the sentence.
*667 We are satisfied that the hearing was proper and that the District Court’s sentence was both meaningfully considered and reasonable. We conclude that the defendant has no remedy and no avenue of appeal that can be regarded as non-frivolous under existing law.
III.
For the above stated reasons we will grant counsel’s motion to withdraw and will affirm the judgment of conviction and sentence.